**Date Signed:**
**July 20, 2016**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re | Case No. 16-00239 |
| LEONARD GEORGE HOROWITZ, | Chapter 13 |
| Debtor. | Docket No. 78 |

### MEMORANDUM OF DECISION
### REGARDING PLAN CONFIRMATION

    Dr. Horowitz commenced this chapter 13 case on March 9, 2016. After the court denied confirmation of his initial chapter 13 plan, Dr. Horowitz timely filed an Amended Plan[1] on June 8, 2016. For the following reasons, confirmation of the Amended Plan is denied.

    First, Dr. Horowitz has failed to complete the "liquidation analysis" section of the form plan. As a result, Dr. Horowitz has failed to provide any evidence that

---

[1] Dkt. # 78.

the unsecured creditors will receive at least as much as they would get in a chapter 7 liquidation case.[2]

Second, as the Trustee pointed out in his objection, the record indicates that Dr. Horowitz has failed to apply all of his disposable income to the plan. This means that Dr. Horowitz has not established that his plan complies with section 1325(b)(1)(B) of the Bankruptcy Code.

Third, Dr. Horowitz has included in the "special provisions" extensive arguments regarding his litigation with third parties. It is not necessary to include such arguments in a chapter 13 plan. Further, the inclusion of such arguments could create an incorrect impression that the court adopted all of those arguments when it confirmed the plan. These "special provisions" must be deleted.

Fourth, the plan places the claims of Dr. Horowitz's former attorney, Margaret Wille, in a special class entitled to full payment of her claim in the amount of $36,457.09. Because Ms. Wille's claim has no statutory priority, it would be paid pro rata with other unsecured creditors in a chapter 7 case. The payment in full of Ms. Wille's claim under the plan means that other unsecured creditors would receive less under the plan than they would in a chapter 7 case. Thus, the plan does not comply with section 1325(a)(4).

For these reasons (and probably others), confirmation of the Amended Plan

---

[2] *See* 11 U.S.C. § 1325(a)(4).

U.S. Bankruptcy Court - Hawaii   #16-00239   Dkt # 109   Filed 07/20/16   Page 2 of 3

must be DENIED.

At the confirmation hearing on the Amended Plan, Dr. Horowitz alleged that Mr. Sulla, the attorney for one of his creditors, had violated federal criminal law, and demanded that I issue a warrant for his arrest. The bankruptcy court does not have criminal jurisdiction.[3] I could not issue such a warrant even if I were inclined to do so (and I am not so inclined).

As I have previously cautioned Dr. Horowitz, he is attempting to navigate a complicated chapter 13 case without an attorney. He is very unlikely to succeed without the assistance of experienced chapter 13 counsel. Now that two attempts to confirm a chapter 13 plan have failed, Dr. Horowitz faces the risk that this case could be dismissed under section 1307(c)(1) for "unreasonable delay by the debtor that is prejudicial to creditors" if a third plan is denied.[4]

For the above-mentioned reasons, plan confirmation is denied.

**END OF ORDER**

---

[3] *See In re Dyer*, 322 F.3d 1178, 1193, 1194 (9th Cir. 2003).

[4] 11 U.S.C. § 1307(c)(1).

U.S. Bankruptcy Court - Hawaii   #16-00239   Dkt # 109   Filed 07/20/16   Page 3 of 3