**Date Signed:**
**September 16, 2016**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re | Case No. 16-00239 |
| LEONARD GEORGE HOROWITZ, | Chapter 13 |
| Debtor. | Docket No. 115 |

## MEMORANDUM OF DECISION
## REGARDING PLAN CONFIRMATION

Dr. Horowitz commenced this chapter 13 case on March 9, 2016. After the court denied confirmation of his initial and second chapter 13 plans, Dr. Horowitz timely filed a third plan[1] on August 5, 2016. The standing chapter 13 trustee and creditor Paul J. Sulla, Jr., object to confirmation.

Although Dr. Horowitz has corrected some of the problems with his first two plans, his third plan remains fatally defective. Therefore, I will deny confirmation of

---

[1]Dkt. # 115.

the plan. Further, because this is his third unsuccessful attempt to confirm a plan, and it is highly unlikely that he could resolve the problems identified below, I will dismiss this chapter 13 case.

In order to confirm a chapter 13 plan, the court must determine that all applicable requirements of sections 1325(a) and (b) are met.[2] The court has an independent obligation to ascertain that all of those requirements are met, even if no party in interest objects.[3] Dr. Horowitz, as the chapter 13 proponent, has the burden of proving that he has met all of the requirements for plan confirmation.[4]

Dr. Horowitz must prove (among other things) that "the plan has been proposed in good faith and not by any means forbidden by law"[5] and that "the action of the debtor in filing the petition was in good faith."[6] The court must examine the plan and the filing of the case in light of the totality of the circumstances. The relevant circumstances include "(1) whether the debtor misrepresented facts, unfairly manipulated the Bankruptcy Code or otherwise proposed the plan in an inequitable manner; (2) the history of the debtor's filings and dismissals; (3) whether the debtor

---

[2] Unless specified otherwise, all chapter, code, and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001–9037.

[3] *United Student Aid Funds, Inc., v. Espinosa*, 559 U.S. 260, 277-78 (2010).

[4] *Meyer v. Hill (In re Hill)*, 268 B.R. 548, 552 (9th Cir. BAP 2001).

[5] § 1325(a)(3).

[6] § 1325(a)(7).

2

U.S. Bankruptcy Court - Hawaii   #16-00239   Dkt # 138   Filed 09/16/16   Page 2 of 6

intended only to defeat state court litigation; and (4) whether the debtor's behavior was egregious."[7] Courts should examine a debtor's intentions and the legal effect of confirmation in light of the spirit and purposes of chapter 13.[8] Other factors to be considered include, but are not limited to:

1. The amount of the proposed payments and the amounts of the debtor's surplus;

2. The debtor's employment history, ability to earn, and likelihood of future increases in income;

3. The probable or expected duration of the plan;

4. The accuracy of the plan's statements of the debts, expenses and percentage of repayment of unsecured debt, and whether any inaccuracies are an attempt to mislead the court;

5. The extent of preferential treatment between classes of creditors;

6. The extent to which secured claims are modified;

7. The type of debt sought to be discharged, and whether any such debt is dischargeable in Chapter 7;

---

[7] *Drummond v. Welsh (In re Welsh)*, 465 B.R. 843, 851 (9th Cir. BAP 2012), *aff'd*, 711 F.3d 1120, 1129 (9th Cir. 2013); *see also HSBC Bank USA, Nat'l Ass'n, as Indenture Tr. of the Fieldstone Mortg. Inv. Tr., Series 2006-1 v. Blendheim (In re Blendheim)*, 803 F.3d 477, 499 (9th Cir. 2015).

[8] *Fid. & Cas. Co. of N.Y. v. Warren (In re Warren)*, 89 B.R. 87, 93 (9th Cir. BAP 1988) (*citing Chinichian v. Campolongo (In re Chinichian)*, 784 F.2d 1440, 1444 (9th Cir. 1986)).

3

8. The existence of special circumstances such as inordinate medical expenses;

9. The frequency with which the debtor has sought relief under the Bankruptcy [Code];

10. The motivation and sincerity of the debtor in seeking Chapter 13 relief; and

11. The burden which the plan's administration would place upon the trustee.[9]

Some of these factors would support a good faith determination. For example, the plan duration is normal; Dr. Horowitz does not seek a "superdischarge" of debt that he could not discharge in chapter 7; this is Dr. Horowitz's first bankruptcy filing; and there is no indication that this plan would impose undue administrative burdens on the trustee.

Others are difficult to evaluate on this record. For example, the trustee asserts that Dr. Horowitz may have undervalued a parcel of real estate and certain intellectual property. Dr. Horowitz vigorously disagrees. It is not possible to resolve this factual conflict without more evidence.

The factors that are most important in this case, however, militate strongly

---

[9] *In re Warren*, 89 B.R. at 93.

4

against a good faith determination. It is abundantly clear that Dr. Horowitz filed this case in order to secure a forum in which he can litigate and attack state court decisions against him and in favor of Mr. Sulla, Mr. Sulla's client, and others. All of Dr. Horowitz's papers and oral presentations are filled to the brim with argument, accusations, and invective concerning the foreclosure of property in which Dr. Horowitz had an interest, the state court proceedings that validated it, and cases brought by Dr. Horowitz in federal district court to attack it. According to his schedules, Dr. Horowitz's most valuable asset by far is his legal case against Sulla et al.

Also according to his schedules, Dr. Horowitz has only three creditors apart from Sulla et al. Two of them (his domestic and business partner and his former attorney) are apparently willing to accept any payment scheme that Dr. Horowitz proposes, so he does not need the protection of chapter 13 to address those claims. The only other claim is a credit card balance of $150.31, an amount he could pay in full out of cash on hand.

Simply put, Dr. Horowitz has no need for relief under chapter 13. He has filed this case for the sole purpose of mounting a collateral attack on adverse state court decisions. Considering the totality of the circumstances, Dr. Horowitz has not carried his burden of proving that he filed this case and his plan in good faith.

This determination means that I need not consider the trustee's other

U.S. Bankruptcy Court - Hawaii   #16-00239   Dkt # 138   Filed 09/16/16   Page 5 of 6

objections to plan confirmation. I reject, however, Dr. Horowitz's attack on the trustee's good faith and his conduct. The trustee has accurately pointed out that some aspects of Dr. Horowitz's plan cannot be reconciled with his schedules and that Dr. Horowitz has not devoted his entire projected disposable income to the payment of unsecured creditors under the plan. This is exactly what a chapter 13 trustee is supposed to do.[10] Even if Dr. Horowitz could correct these defects, it is the chapter 13 trustee's job to point them out. Further, contrary to Dr. Horowitz's assertion, a chapter 13 trustee has no duty to attempt to recover property for the estate.[11]

The trustee couples his objection to confirmation with a request for dismissal of the case. The local bankruptcy rules authorize this procedure to seek dismissal of a chapter 13 case due to "unreasonable delay by the debtor that is prejudicial to creditors."[12] It is hard to imagine how Dr. Horowitz could propose a confirmable plan that would also serve his overriding goal of relitigating his dispute with Sulla et al. in this court. Therefore, this case should not be prolonged any further and is dismissed.

Counsel for the trustee shall submit a proposed order in the usual form.

## END OF ORDER

---

[10] *See* § 1302(b)(2)(B).

[11] *Compare* § 1302(b)(1) *with* § 704(a)(1).

[12] LBR 3015-3(e); § 1307(c)(1).

6

U.S. Bankruptcy Court - Hawaii   #16-00239   Dkt # 138   Filed 09/16/16   Page 6 of 6