**Date Signed:**
**September 16, 2016**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>LEONARD GEORGE HOROWITZ,<br><br>Debtor. | Case No. 16-00239<br><br>Chapter 13<br><br>Docket No. 97 |

# MEMORANDUM OF DECISION ON DEBTOR'S ALLEGED MISCONDUCT BY PAUL J. SULLA, JR.

Chapter 13 debtor Dr. Leonard Horowitz alleges that Paul J. Sulla, Jr., violated the automatic stay, violated an order disqualifying him as counsel, and filed papers in bad faith, and seeks monetary and nonmonetary remedies. For the following reasons, I will deny the motion (even though Mr. Sulla has inexplicably failed to respond to it).

## I. Violation of Automatic Stay

Dr. Horowitz's papers set out his version of the long history of litigation between him, Mr. Sulla, and parties connected with Mr. Sulla. Only the following

facts are relevant to the part of his motion pertaining to the automatic stay.

In 2010, Jason Hester, a client of Mr. Sulla's, conducted a nonjudicial foreclosure of a mortgage encumbering certain property which was then owned by a nonprofit corporation controlled by Dr. Horowitz. In 2012, Dr. Horowitz caused the corporation to convey the property to him and his business and domestic partner. Both before and after those dates, Dr. Horowitz and others had engaged in bitter and protracted litigation.

On December 30, 2015, the state court entered a final judgment quieting title to the property in Mr. Hester's favor, thus determining that, contrary to Dr. Horowitz's contentions, the nonjudicial foreclosure was valid. On March 1, 2016, the state court issued a writ of ejectment.

On March 9, 2016, Dr. Horowitz commenced this chapter 13 case. On March 11, 2016, the Bankruptcy Noticing Center mailed notice of the bankruptcy filing to Mr. Hester and Mr. Sulla. Dr. Horowitz apparently also gave notice of the filing; he offers tracking information from the United States Postal Service indicating that the notice was delivered to Mr. Sulla's mailbox on March 12, 2016 at 10:27 a.m.

At some point prior to 7:24 p.m. on March 12, 2016, a copy of the writ of ejectment was taped to the front gate of the property.

On March 18, 2016, Mr. Sulla filed a motion for relief from the automatic stay to permit enforcement of the writ of ejectment. I granted the motion by order entered

U.S. Bankruptcy Court - Hawaii   #16-00239   Dkt # 139   Filed 09/16/16   Page 2 of 6

on April 15, 2016.

On June 10, 2016, the writ of ejectment was enforced and Dr. Horowitz was evicted from the property.

The only time period that is relevant to this motion began on March 9, 2016, when Dr. Horowitz filed his bankruptcy petition and the automatic stay went into effect, and April 15, 2016, when I granted relief from the automatic stay in favor of Sulla et al. Conduct before that period is not relevant because the automatic stay did not exist; conduct after that period is irrelevant because the automatic stay had been terminated.

The only conduct during the relevant period that might amount to a stay violation is the affixing of the writ of ejectment to the front gate of the property, presumably by a process server acting for Sulla et al.

First, under the Ninth Circuit's controlling decision in *In re Perl*,[1] there was no stay violation. In *Perl*, a state court issued a writ of possession in a California unlawful detainer action. Before the writ was served, the debtor filed a bankruptcy petition. The creditor enforced the writ despite the bankruptcy and locked the debtor out of the premises (with some of her personal possessions still inside the premises). The debtor argued that the creditor violated the automatic stay, but the Ninth Circuit held that the enforcement of the writ did not violate the stay because the prepetition issuance of

---

[1] 811 F.3d 1120 (2016).

3

U.S. Bankruptcy Court - Hawaii   #16-00239   Dkt # 139   Filed 09/16/16   Page 3 of 6

the writ terminated the debtor's interest in the property.[2] *Perl* is based on the effect of a writ of possession under California law, but I think the same result would apply to a writ of ejectment under Hawaii law.

Second, even if there were a violation, Dr. Horowitz has not established that any violation was wilful. "An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." A violation is "willful" if the creditor knew of the automatic stay and its actions that violate the stay were intentional.[3] Dr. Horowitz has not carried his burden of proving that Mr. Sulla had actual knowledge of the bankruptcy filing when the writ was affixed to the gate.

Third, even if there were a willful violation, Dr. Horowitz has not established that the mere posting of the writ on the front gate caused him to suffer any quantifiable injury.

Finally, even a willful stay violation would not (except perhaps in extreme circumstances not present here) support an order prohibiting the violator from objecting to confirmation of a plan. Denial of the constitutional right to participate in litigation that affects one's interest is a drastic remedy to be employed only in the most

---

[2] *Id.* at 1130.

[3] *Eskanos & Adler, P.C. v. Roman (In re Roman)*, 283 B.R. 1, 7–8 (B.A.P. 9th Cir.), *affirmed,* 309 F.3d 1210, 1215 (9th Cir. 2002).

U.S. Bankruptcy Court - Hawaii   #16-00239   Dkt # 139   Filed 09/16/16   Page 4 of 6

extreme circumstances.

## II. Violation of Disqualification Order

In one of many cases in which Dr. Horowitz has challenged the foreclosure of the Hester mortgage, he points out that a federal magistrate judge disqualified Mr. Sulla from representing Mr. Hester because Mr. Sulla was a necessary witness on several of the claims before that court. Dr. Horowitz argues that Mr. Sulla violated the district court's order by appearing in this bankruptcy case. I disagree. The fact that one court disqualified Mr. Sulla does not require all courts to do so. Further, there is no reason to think, at this juncture, that Mr. Sulla's testimony will be necessary in this bankruptcy case. In a separate order entered concurrently with this order, I have dismissed this bankruptcy case for reasons unrelated to any testimony Mr. Sulla might be able to give.

## III. Rule 11

Dr. Horowitz cites rule 11(c) at the beginning of his motion. Although he does not discuss the rule, he presumable thinks it supports his request for sanctions. He is mistaken.

Fed. R. Bankr. P. 9011 is the bankruptcy counterpart of rule 11. Dr. Horowitz is not entitled to any remedy under the rule, however, because he has not complied with the "safe harbor" of rule 9011(c)(1). The safe harbor provides that a party may

U.S. Bankruptcy Court - Hawaii   #16-00239   Dkt # 139   Filed 09/16/16   Page 5 of 6

not file a motion for sanctions under the rule unless the party serves an unfiled copy of the motion on the alleged wrongdoer and gives the wrongdoer 21 days to correct the alleged wrong. There is no indication that Dr. Horowitz complied with the safe harbor, so sanctions are not available under rule 9011.

The motion is therefore **DENIED**.

## END OF ORDER